# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**DEIDRA BROWN**     **PLAINTIFF**

**VERSUS**     **CIVIL ACTION NO. 4:23-cv-16-DMB-JMV**

**SAFECO INSURANCE COMPANY OF ILLINOIS, ET AL.**     **DEFENDANTS**

### ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S SUPPLEMENTAL DESIGNATION OF EXPERT WITNESS AND DENYING PLAINTIFF'S MOTION TO EXTEND CMO DEADLINES

**BEFORE THE COURT** are the Defendant's Motion to Exclude Plaintiff's Supplemental Designation of Expert Witnesses [25] and the Plaintiff's Motion to Extend CMO Deadlines [26]. For the reasons detailed below, the Court finds that the Defendant's Motion to Exclude Plaintiff's Supplemental Designation of Expert Witnesses [25] shall be **GRANTED** and the Plaintiff's Motion to Extend CMO Deadlines [26] shall be **DENIED**.

### Procedural History

The case management order [8] was entered in this matter on February 21, 2023. On that same date, the trial was noticed for March 4, 2024. A motion to extend expert designation deadlines [15] was filed by the Plaintiff on May 22, 2023, and an order [16] was entered extending Plaintiff's expert designation to July 6, 2023, and Defendant's expert designation deadline to August 7, 2023.

According to the Defendant, Plaintiff served her Designation of Expert Witnesses on July 6, 2023. No notice was filed with this Court. Defendant served its Designation of Expert

Witnesses [23] on August 7, 2023. The discovery deadline then passed on August 21, 2023.

On October 20, 2023, over three months after Plaintiff's expert designation deadline passed and sixty days after the discovery deadline, Plaintiff served a Supplemental Designation of Expert Witnesses, naming an additional expert, Kathy Smith. *See* Ex. A to [33]. A notice of service was not filed with this Court. Thereafter, Defendant filed the instant motion to exclude Plaintiff's supplemental designation [25]. While said motion was pending, Plaintiff filed a motion to extend the case management order deadlines [26]. Both motions are now fully briefed, and the Court is prepared to rule.

## Law and Analysis

The Fifth Circuit considers the following factors when deciding whether to exclude untimely expert designations: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (holding the district court did not abuse its discretion by excluding experts that were designated three months after expert designation deadline). Unless Plaintiff shows her untimely designation was "substantially justified or harmless," her new expert should not be permitted to testify. *Cooper v. Meritor, Inc.*, No. 4:16-CV-52-DMB-JMV, 2020 U.S. Dist. LEXIS 177297 at *9 (N.D. Miss. Sept. 28, 2020) (citing *Heidtman v. Cnty. of El Paso*, 171 F. 3d 1038, 1040 (5th Cir. 1999)).

As for the first factor, Plaintiff argues that her treatment has been and continues to be progressive and ongoing, and that the fullness of expert testimony could not have been known by the previous expert deadline. However, Defendant points out the Smith's report was completed on October 6, 2023, and supplemented on November 3, 2023, but is based solely upon medical

2

records through March 14, 2023, which is prior to Plaintiff's July 6, 2023, expert designation deadline. While Plaintiff argues that she needed additional guidance from her physician to determine future care needs, the additional guidance does not appear to have been requested until September 12, 2023. Thus, this factor is neutral, at best.

In support of the second factor, Plaintiff argues that Dr. Torrey's opinion of the Plaintiff's future care, and the cost of that care, is a substantial part of the damages she has incurred because of her injuries and would be prejudicial if excluded. Plaintiff further argues that once additional information was provided from Dr. Torrey regarding the need for future care, the need to retain a cost projection from occupational consultant, Kathy Smith, arose. Thus, this factor would weigh in favor of allowing the supplemental designation.

As for the third factor, it weighs *heavily* in favor of granting the motion to exclude. Due to the late timing of Plaintiff's supplemental designation, Defendant is left with no opportunity to depose Smith or Dr. Torrey and no opportunity to retain experts to rebut these new expert opinions. The prejudice here is simply insurmountable. As for the fourth factor, there is no availability of a continuance to cure the prejudice at this late date unless a trial continuance is obtained from the District Judge. The trial date is already less than four months away; thus, the undersigned has no discretion in extending the CMO deadlines for a March 4, 2024, trial date at this late juncture. Therefore, this factor also weighs in favor of granting the motion to exclude.

Having weighed the factors, the Court finds that the supplemental designation, and new witnesses/opinions identified therein, should be and are hereby excluded. Plaintiff's late supplementation, naming a new expert, Kathy Smith, violates Rules 26 and 37 of the Federal Rules of Civil Procedure, as well as this court's case management order. Plaintiff has failed to show that her untimely designation was substantially justified or harmless.

Furthermore, the Plaintiff's motion to extend the case management order deadlines [26] to allow for the supplemental designation must be denied. As provided above, the undersigned has no discretion to extend the case management order deadlines unless and until a trial continuance is moved for and successfully obtained.

## Conclusion

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Exclude Plaintiff's Supplemental Designation of Expert Witnesses [25] is hereby **GRANTED** and the Plaintiff's Motion to Extend CMO Deadlines [26] is hereby **DENIED**. Plaintiff may reurge her motion to extend the CMO deadlines in the event that she files a motion to continue the trial date, and does, in fact, obtain a new trial date from the District Judge.

**SO ORDERED**, this the 13th day of November, 2023.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE